UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

| | |
|---|---|
| KHALID EL SHADDAI, | ) |
| Plaintiff, | ) 2:24-CV-138-DCLC-CRW |
| v. | ) |
| KNOXVILLE TVA EMPLOYEES CREDIT UNION, et al., | ) |
| Defendants. | ) |

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Defendants' Motion to Dismiss [Doc. 12]. Defendants moved to dismiss for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) and for failure to state a claim under Fed. R. Civ. P. 12(b)(6). *Id.* Plaintiff responded [Doc. 16]. This matter is now ripe for resolution. For the reasons that follow, Defendants' motion to dismiss under Rule 12(b)(1) [Doc. 12] is **GRANTED**, Defendants' motion under Rule 12(b)(6) is **DENIED** as moot, and this case is **DISMISSED**.

**I. BACKGROUND**

Plaintiff alleges that he is a "Noble of the Al Moroccan Empire … a descendent of the Ancient Moabites…." [Doc. 1, ¶ 1]. He claims this Court has jurisdiction based on diversity of citizenship under 28 U.S.C. § 1332 and that his case concerns a federal question under 28 U.S.C. §1331, citing the Treaty of Peace and Friendship between the United States and Morocco, signed on September 16, 1836 in support. [Doc. 1, ¶¶ 3–5].

The factual claims are simple. Plaintiff alleges that he deposited with Defendants a "Private Registered Bonded Promissory Note" worth $55,000,000.00 in value in which Plaintiff is the "Beneficiary." [Doc. 1, ¶¶ 7–10]. He alleges that this "Bonded Note was meant for Plaintiff's own personal use." [Doc. 1, ¶ 9]. Plaintiff contends that Defendants did not follow "standard

protocol" but retained the bonded note instead of "submitting" it. [Doc. 1, ¶ 10]. This suit followed. Plaintiff alleges several causes of action. The first Plaintiff alleges is a "failure to exercise ordinary care in the submission of a negotiable instrument." [Doc. 1, ¶¶ 11–24]. He cites to various provisions of the Uniform Commercial Code ("UCC") in support. His second cause of action is based on "negligence." [Doc. 1, ¶¶ 25–31]. The third cause of action is a claim of breach of fiduciary duty. [Doc. 1, ¶¶ 32–38].

Defendants filed the Motion to Dismiss that is currently before the Court [Doc. 12] contending that Plaintiff's claims are frivolous, fail to state a claim upon which relief may be granted, and that the Court lacks subject matter jurisdiction over this dispute.

## II.     LEGAL STANDARD

Rule 12(b)(1) provides for dismissal due to lack of subject matter jurisdiction. A Rule 12(b)(1) motion is construed as either a facial attack or a factual attack. *Ohio Nat. Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990). A motion that "merely questions the sufficiency of the pleading" is a facial attack and a motion is considered a factual attack if it requires the Court to "weigh the conflicting evidence to arrive at the factual predicate that subject-matter jurisdiction exists or does not exist." *Id*. The appropriate standard to employ when reviewing a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction turns upon the nature of the motion. Where the Rule 12(b)(1) motion attacks the plaintiff's complaint on its face, the court will consider the well-pled factual allegations of the complaint as true. *O'Bryan v. Holy See,* 549 F.3d 431, 443 (6th Cir. 2008). However, "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Id*. Generally, where subject matter jurisdiction is challenged by way of motion filed pursuant to Rule 12(b)(1), the plaintiff has the general burden of proving jurisdiction. *See, e.g.*, *Rogers v. Stratton Indus., Inc.,* 987 F.2d 913, 915 (6th Cir. 1986).

A court may, sua sponte or upon the motion of a party, dismiss a complaint for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) when "the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999) ("When a district court is faced with a complaint that appears to be frivolous or unsubstantial in nature, dismissal under Rule 12(b)(1) (as opposed to Rule 12(b)(6)) is appropriate in only the rarest of circumstances where, as in the present case, the complaint is deemed totally implausible.").

## III.   ANALYSIS

The Court begins with jurisdiction. Defendants argue that Plaintiff fails to establish a basis for federal subject-matter jurisdiction and the Court should dismiss this action pursuant to Federal Rule of Civil Procedure 12(b)(1). Federal courts have "limited jurisdiction" and "possess only that power authorized by Constitution and statute" and therefore may not "exercise jurisdiction absent a statutory basis." *Exxon Mobil Corp. v. Allapattah Servs. Inc.*, 545 U.S. 546, 552 (2005) (internal citations omitted). Congress has given federal courts authority to hear a case when diversity of citizenship exists between the parties, or when the case raises a federal question. *See, e.g.*, *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). Federal courts have diversity jurisdiction pursuant to 28 U.S.C. § 1332 when the plaintiff and the defendant are citizens of different states and the amount in controversy exceeds $75,000. Under § 1332(a) there must be complete diversity, meaning no plaintiff and defendant can be citizens of the same state. *See Curry v. U.S. Bulk Transp., Inc.*, 462 F.3d 536, 540 (6th Cir. 2006). Federal question jurisdiction exists pursuant to 28 U.S.C. § 1331 when a complaint plausibly alleges "either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd. v. Constr. Laborers Vacation Tr.*, 463 U.S. 1, 27–28 (1983).

Here, Plaintiff fails to plead facts showing that the parties are completely diverse. In the Complaint, Plaintiff identifies himself as "an individual and resident of Tennessee;" [Doc. 1; ¶ 1] however, he fails to allege the citizenship of either of the individual Defendants, Lynn Summers and Mark Jenkins. *See, e.g.*, *Meersman v. Regions Morgan Keegan Tr.*, No. 20-6359, 2021 U.S. App. LEXIS 34770, at *3 (6th Cir. Nov. 22, 2021) ("[The plaintiff] failed to include any allegations concerning the citizenship of the individual defendants. Therefore, the complaint does not establish diversity of citizenship.") (citing *Von Dunser v. Aronoff*, 915 F.2d 1071, 1075 (6th Cir. 1990)). Defendants contend that Ms. Summers and Mr. Jenkins, the individual Defendants, are both citizens and residents of Tennessee, the same state in which Plaintiff claims residency.[1] [Doc. 13; Doc. 13-1; Doc. 13-2]. Because Plaintiff fails to allege the citizenship of each of the Defendants and it appears that the individual Defendants are citizens of the same state as Plaintiff, the Complaint does not establish diversity of citizenship under 28 U.S.C. § 1332(a)(1).

Plaintiff also fails to satisfy the second requirement for diversity jurisdiction – that the amount in controversy exceeds $75,000. *See, e.g.*, *Cleveland Hous. Renewal Project v. Deutsche Bank Tr. Co.*, 621 F.3d 554, 559 (6th Cir. 2010). When courts consider whether the amount in controversy exceeds $75,000.00 pursuant to 28 U.S.C. § 1332, "the sum claimed by the plaintiff controls if the claim is apparently made in good faith." *Kovacs v. Chesley*, 406 F.3d 393, 395 (6th Cir. 2005) (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288 (1938)). "But if, from the face of the pleadings, it is apparent, to a legal certainty, that the plaintiff cannot recover the amount claimed or if, from the proofs, the court is satisfied to a like certainty that the plaintiff

---

[1] The Court notes that residence and citizenship are not equivalent. "[I]t has long been settled that residence and citizenship [are] wholly different things." *Prime Rate Premium Fin. Corp., Inc. v. Larson*, 930 F.3d 759, 765 (6th Cir. 2019) (quotations and citations omitted). Plaintiff has alleged neither the citizenship nor the residency of two of the three Defendants. Moreover, where a plaintiff fails to allege citizenship, "the court must dismiss the suit." *Id.*

4

never was entitled to recover that amount," the case must be dismissed for lack of subject matter jurisdiction. *St. Paul Mercury Indem., Co.,* 303 U.S. at 289.

Plaintiff's central claim – that he can deposit a "Private Registered Bonded Promissory Note valued at $55,000,000.00" with Defendants and by filing this action somehow receive damages in that amount plus additional damages for alleged "financial distress and emotional distress" for Defendants' failure to "submit" the note – is entirely frivolous and cannot have been made in good faith. [Doc. 1, ¶¶ 7–10; Doc. 1, pg. 13]; *see Kennebrew v. PNC Bank*, No. 1:25-CV-13, 2025 WL 801169, at *2 (E.D. Tenn. Mar. 13, 2025) ("Plaintiff's claim is the opposite of good faith. Her belief that she can erase debt with the Bill of Exchange—a 'worthless piece of paper'—is total nonsense. … Because Plaintiff's complaint is entirely frivolous, she cannot satisfy the amount in controversy requirement necessary to establish diversity jurisdiction."). Plaintiff's case must be dismissed for lack of subject matter jurisdiction because it is a legal certainty that Plaintiff cannot recover any sum of money based on the piece of paper, or "Bonded Note," that he submitted to Defendants. [Doc. 1, ¶¶ 7–10]; *see Kovacs*, 406 F.3d at 395.

The Court must now consider whether Plaintiff's claims present a federal question since the Complaint fails to allege diversity jurisdiction. Federal question jurisdiction is properly invoked if a plaintiff "pleads a colorable claim arising under the Constitution or laws of the United States." *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 513 (2006). However, "[a] claim invoking federal-question jurisdiction under 28 U.S.C. § 1331 ... may be dismissed for want of subject-matter jurisdiction if it is not colorable, *i.e.*, if it is immaterial and made solely for the purpose of obtaining jurisdiction or is wholly insubstantial and frivolous." *Arbaugh*, 546 U.S. at 513 n. 10 (internal citations omitted).

Plaintiff fails to plead any claim under the Constitution or federal law. Plaintiff's first cause of action is for "failure to exercise ordinary care in submission of a negotiable instrument"

in violation of various sections of the Uniform Commercial Code ("UCC"). [Doc. 1, ¶¶ 11–24]. The UCC, however, "is not the law of any state, nor is it federal law" and therefore does not provide the Court with federal question jurisdiction. *Freeman v. Cooper*, 2025 WL 947950, at *3 (N.D. Ohio Mar. 28, 2025).

Plaintiff further claims federal question jurisdiction "as this action arises under the laws and treaties of the United States, specifically the Treaty of Peace and Friendship between the United States and Morocco, signed on September 16, 1836." [Doc. 1, ¶ 3]. This claim is clearly frivolous, and the treaty does not provide a private cause of action in a civil case. *See Steele-El v. Valvoline Instant Oil Change*, No. 18-12277, 2019 WL 4640348, at *5 (E.D. Mich. Sept. 24, 2019). Dismissal is appropriate here under Rule 12(b)(1) as Plaintiffs allegations are "totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple*, 183 F.3d at 479; *see Powell v. Michigan*, No. 22-10816, 2023 WL 2154954, at *2 (E.D. Mich. Jan. 24, 2023), *report and recommendation adopted*, No. 22-10816, 2023 WL 2145490 (E.D. Mich. Feb. 21, 2023) ("[C]ourts dismiss complaints by sovereign citizens without extended argument as patently frivolous.") (citations omitted).

Plaintiff's remaining claims for negligence and breach of fiduciary duty arise under Tennessee state law though Plaintiff includes erroneous references to the UCC. The Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims as the Complaint fails to allege any federal cause of action. *See* 28 U.S.C. § 1367(c)(3); *Miller v. Collins*, No. 23-3191, 2023 WL 7303305, at *4 (6th Cir. Nov. 6, 2023) ("[D]eclining to exercise supplemental jurisdiction after dismissing a federal claim of original jurisdiction is purely discretionary. Supplemental jurisdiction remains a doctrine of discretion, not a plaintiff's right.") (internal citations omitted).

Because the Court finds it does not have subject matter jurisdiction over this dispute, the Court need not address Defendants' motion to dismiss pursuant to Rule 12(b)(6) [Doc. 12] and it is denied as moot. *See Moir v. Greater Cleveland Reg'l Transit Auth.*, 895 F.2d 266, 269 (6th Cir. 1990) (finding a Rule 12(b)(6) motion is moot when the Court dismisses a complaint for lack of subject matter jurisdiction under Rule 12(b)(1)).

## IV. CONCLUSION

For the reasons stated herein, Defendants' motion to dismiss under Rule 12(b)(1) [Doc. 12] is **GRANTED**, Defendants' motion under Rule 12(b)(6) is **DENIED** as moot, and this case is **DISMISSED WITHOUT PREJUDICE**. The Clerk is **DIRECTED** to close the case.

**SO ORDERED:**

s/ Clifton L. Corker
United States District Judge